UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TROY LAMBE, SUNRAY SOLAR INC., and
MAX DIVERSIFIED INC.,

        Plaintiffs,

  -against-

YOSSEF KAHLON, a/k/a JOSSEF KAHLON,
ATLAS SOLAR HOLDINGS LLC, ERICA T.
YITZHAK, THE LAW OFFICES OF ERICA T.
YITZHAK, and ERIKA T. YITZHAK, ESQ. P.C.,

        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-3126

(Wexler, J.)

APPEARANCES:

Paul W. Verner, Esq.
Verner Simon
30 Wall Street, 8th Floor
New York, NY 10005
Attorney for Plaintiffs

Brett A. Scher, Esq.
Megan E. Yllanes, Esq.
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Attorneys for Defendants Erica T. Yitzhak,
The Law Offices of Erica T. Yitzhak and
Erica T. Yitzhak Esq. P.C.

WEXLER, District Judge:

        Plaintiffs Troy Lambe ("Lambe"), Sunray Solar Inc. ("Sunray"), and Max Diversified Inc. ("Max") (collectively "Plaintiffs"), bring this diversity action against defendants Yossef Kahlon, a/k/a Jossef Kahlon ("Kahlon"), Atlas Solar Holdings LLC ("Atlas"), Erica T. Yitzhak, the Law Offices of Erica T. Yitzhak, and Erika T. Yitzhak, Esq. P.C. (together "Yitzhak") (collectively

1

"Defendants"). Defendant Yitzhak moves for summary judgment pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 56.

## DISCUSSION

The facts are briefly stated. Plaintiff Lambe is the sole shareholder and principal owner of Plaintiffs Sunray and Max, which from 2007 through 2013 were in the business of facilitating renewable solar energy systems in projects in the state of New Jersey.[1] Once a system was approved and active, it would generate "Solar Renewable Energy Certificates ("SRECs"), which are a publically-traded market commodity.

At the center of this dispute is the business arrangement between Plaintiffs and Defendants Kahlon and Atlas whereby Defendants provided funding for the systems facilitated by Plaintiffs in return for SRECs, amongst other things. Defendants' Local Rule 56.1 Statement, ("Def. 56 Stmt.") ¶ 13; Plaintiffs' Counter-Rule 56.1 Statement ("Pl. Ctr-56.1 Stmt."), ¶ 13. Defendant Yitzhak was retained by Atlas in connection with the agreements it entered into with Plaintiffs. Def. 56 Stmt., ¶ 8; Pl. Ctr-56.1 Stmt., ¶ 8. Plaintiffs claim that after policy changes in the state of New Jersey caused a drop in the market value of SRECs, Defendants Kahlon and Atlas cut off funding for the systems. Amended Complaint ("AC"), ¶¶ 44-46. Thereafter, Plaintiffs sought other investment partners – NJR Clean Energy Ventures Corporation ("NJR"), Clean Power Finance ("CPF"), and NRG Energy ("NRG"). AC, ¶¶ 50-61.

The gravaman of Plaintiffs claims are that Defendants and their counsel Defendant Yitzhak interfered with these other business relationships by filing liens against Plaintiffs,

---

[1] The individual Defendants are all residents of New York, and the corporate Defendants are incorporated in New York. Cmplt., ¶ 7-11.

2

initiating a lawsuit against Plaintiffs, and sending letters to NJR, CPF and NRG, informing them that liens had been filed and a legal action commenced, and that Defendants suffered as a result of Lambe's and Sunray's "fraudulent and deceitful actions." The Letters request that the third party recipients "refrain from forwarding any payments, credits, remittances or other transfer of asserts" to Plaintiffs. See Declaration of Megan E. Yllanes ("Yllanes Dec.")[2], Exhibit ("Ex.") R: letters from Erica T. Tizhak, Esq. to NJR, NRG and CPF, dated January 30, 2013 ("Yitzhak Letters" or "Letters"). The Yitzhak Letters attach copies of the complaint and the recorded liens.

Plaintiffs' complaint alleges twelve causes of action, including three claims for tortious interference, and claims for defamation/trade libel, malicious use/abuse of process, violation of New York Judiciary Law § 487, negligence, professional malpractice/negligence, two claims for breach of contract, prima facie tort, and the unauthorized filing of UCC statements.

The Court has reviewed the parties' submissions and finds that issues of fact preclude summary judgment on the majority of Plaintiffs' claims, except for the negligence and malpractice claims, as discussed below. Such disputed facts include, *inter alia*, what exactly was the nature of the business relationship between Plaintiffs and NJR, CPF and NRG at the time the Yitzhak Letters were sent, whether the Letters had any impact on those relationships, and what intention Defendant Yitzhak had in sending the letters. Factual differences also exist regarding whether the statements in the Letters were privileged as "pertinent to litigation." Sexton & Warmflash v. Magrabe, 38 A.D.3d 163, 828 N.Y.S.2d 315, 322 (1st Dept. 2007).[3]

---

[2] Defendants refer to the declaration as that of Brett A. Scher, but it titled as a declaration of Megan E. Yllanes.

[3] Defendants urge the Court be guided by Front v. Khahil, 24 N.Y.3d 713 (2015) on the issue of whether the letters were privileged, even if sent in anticipation of litigation. The letter at

The Court grants Defendants' motion for summary judgment on Plaintiffs' claims for negligence and malpractice. As noted by the Yitzhak Defendants, it owed no duty to Plaintiffs as required to support a negligence or professional malpractice claim. "This Court has long held that before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity." Prudential Insurance Co. v. Dewey Ballantine, Bushby, Palmer & Wood, 80 N.Y.2d 377, 382, 590 N.Y.S.2d 831, 833 (1992). In Prudential, the court found privity to support a negligence claim where the law firm knew that the opinion letter it wrote on behalf of its clients was to be used for business purposes and would be relied upon by the third party, Prudential. See Prudential, 80 N.Y.2d at 385, 590 N.Y.S.2d at 835. Thus, the court found that the bond was "sufficiently close to establish a duty of care" from the law firm to the recipient. Id.

The Court finds that there is no such privity here. Even if the Yitzhak's Letters did provide advice to the recipients of the letters, and Yitzhak knew or expected that the statements would be relied upon by those recipients, any "sufficiently close" bond that would have been created to establish a duty of care would run from Yitzhak and those recipients, not Plaintiffs. Since there is no such privity or duty here between Plaintiffs and Defendant Yitzhak, Plaintiffs' negligence claim fails.

---

issue in Front was a letter sent by defendants' counsel to the plaintiff regarding plaintiff's theft of defendants' confidential information and threatened that the plaintiff may be subject to punishment. The court there found there that the letter, sent in "anticipation of litigation" was privileged, extending the rule that letters made in the course of litigation are privileged. The Court notes that the Letters here were not sent between parties to a (potential) litigation, but finds that issues of fact preclude summary judgment on this issue.

Similarly, to state an attorney malpractice claim, "absent privity, plaintiff must set forth a claim of fraud, collusion, malicious acts or other special circumstances." AG Capital Funding Partner, L.P. v. State Street Bank and Trust Co., 5 N.Y. 582, 595, 842 N.E.2d 471, 478, 808 N.Y.S.2d 573, 581 (2005) (citations omitted). It is undisputed that Defendant Yitzhak did not have an attorney-client relationship with Plaintiffs, and as with the negligence claim, the Court finds that there is no basis to create the privity required for Plaintiffs to state a malpractice claim against these Defendants. Therefore, Defendants' motion for summary judgment on the negligence and malpractice claims is granted.

## CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment is denied, except as to Plaintiffs' claims for negligence and malpractice, which are hereby dismissed. Counsel are reminded that jury selection is scheduled for January 19, 2016 at 9:30 am.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 14, 2016